# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2013

Lyle W. Cayce
Clerk

No. 12-10761

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM WALTER RAINEY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
No. 4:11-CR-180-10

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Walter Rainey appeals the 360-month within-guidelines sentence imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute heroin. He asserts that the district court procedurally erred in: (1) applying a four-level aggravating-role increase pursuant to U.S.S.G. § 3B1.1(a); and (2) denying him a reduction in his offense level pursuant to U.S.S.G. § 3E1.1 because he accepted responsibility for his actions. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10761

I.

Rainey and nine co-conspirators were charged in a single-count indictment with conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1). Rainey pleaded guilty without a written plea agreement but signed a factual resume. In the factual resume, Rainey stipulated that he and his co-conspirators distributed heroin supplied both by Mario Guerra-Rocha and Agusten Diaz. Additionally, Rainey directed another participant, Timothy Metzler, who helped him distribute heroin by, for example, driving him to obtain heroin from Diaz. Rainey also acknowledged that on at least one occasion he directed Metzler to obtain an ounce of heroin directly from Guerra-Rocha. Rainey agreed that he and nine co-conspirators conspired together to possess with intent to distribute more than 100 grams of heroin.

The Pre-sentence Investigation Report ("PSR") further summarized Rainey's offense conduct, in part, as follows: (1) from 2007 to October 21, 2011, Rainey operated a heroin-trafficking operation separately from Guerra-Rocha's organization; (2) Rainey was the organizer and leader of the operation for at least 48 months, during which time he directed Metzler and Jessica Lynn Browder in distributing quantities of heroin weekly; (3) Diaz was Rainey's primary supply source, but Rainey occasionally received heroin from Guerra-Rocha; (4) Metzler and Browder confirmed that they worked for Rainey in the distribution of heroin; and (5) Metzler distributed 2.4 kilograms of heroin, and Browder distributed 553.02 grams of heroin. In an interview, Rainey also informed the probation officer that, before he began employing Metzler as a runner and distributor, he and Metzler were once partners in trafficking heroin. Rainey further admitted that he employed Jordan Davis as a heroin distributor for one year. Lastly, Rainey acknowledged "he was aware that Aaron Miles and Jessica Browder used and sold heroin, but he stated they did not work for him."

At sentencing, the district court overruled Rainey's objections and adopted the PSR as modified by the addendum and as modified or supplemented by any facts found by the court. The court determined that the advisory guidelines range was 360 to 480 months, ultimately sentencing Rainey to a 360-month term of imprisonment. Rainey timely appealed.

## II.

We first address Rainey's contention that the district court committed a significant procedural error in applying a four-level aggravating-role increase pursuant to section 3B1.1(a). While Rainey concedes that a two-level increase was proper under section 3B1.1(c) based on his direction of two participants, he argues that the four-level increase was not warranted. He further asserts that the increase was improper because the information in the PSR is incomplete, contradictory, and lacking sufficient indicia of reliability.

We review the district court's interpretation and application of the Sentencing Guidelines *de novo*, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Whether a defendant is an organizer or leader under section 3B1.1(a) is a factual determination that this court reviews for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). A factual finding is not clearly erroneous if it "is plausible in light of the record as a whole." *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). Furthermore, "a district court may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Cabrera*, 288 F.3d at 173-74.

Section 3B1.1(a) provides for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." "A participant is a person who is criminally responsible for the commission of the offense, but need not have been

convicted." § 3B1.1, comment., app. n.1. In determining whether an individual was "an organizer or leader," we consider various factors including: (1) "the exercise of decision making authority;" (2) "the nature of participation in the commission of the offense;" (3) "the recruitment of accomplices;" (4) "the claimed right to a larger share of the fruits of the crime;" (5) "the degree of participation in planning or organizing the offense;" (6) "the nature and scope of the illegal activity;" and (7) "the degree of control and authority exercised over others." *Id.* app. n.4. "The district court may find that a defendant exercised a leader/organizer role by inference from the available facts." *Cabrera*, 288 F.3d at 174.

To the extent Rainey's argument can best be characterized as being that he was not "an organizer or leader" because he only supervised two individuals, our prior decision in *United States v. Cooper* forecloses his argument. 274 F.3d 230, 247 (5th Cir. 2001) ("Proof that the defendant supervised only one other culpable participant is sufficient to make the defendant eligible for the enhancement."). Furthermore, the PSR contains numerous factual findings, citing statements given by other participants in the criminal enterprise, that support the conclusion that Rainey was "an organizer or leader" within the meaning of section 3B1.1(a). Because the district court expressly adopted the PSR, as modified, Rainey was required to present rebuttal evidence demonstrating that the factual findings were unreliable. He has not done so, however, beyond his mere assertions. The district court thus did not clearly err in finding him to be a leader of the conspiracy.

Rainey further contends the record does not support the district court's finding that the criminal activity "involved five or more participants or was otherwise extensive." § 3B1.1(a). Rainey expressly stipulated, however, that he and nine co-conspirators conspired to possess heroin with the intent to distribute the same. His stipulation alone demonstrates that the criminal activity "involved five or more participants or was otherwise extensive." *Cooper*, 274

F.3d at 247 ("At least five participants in the criminal activity are found by looking at the codefendants . . . ."). The district court therefore did not err in imposing a four-level enhancement pursuant to section 3B1.1(a).

### III.

We next address Rainey's argument that the district court erred in denying him credit for acceptance of responsibility. In order for a defendant to receive a reduction in offense level under section 3E1.1, he must "clearly demonstrate[] acceptance of responsibility for his offense." § 3E1.1(a). The defendant bears the burden of demonstrating that the reduction is warranted. *United States v. Watson*, 988 F.2d 544, 551 (5th Cir. 1993). "While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). We "will affirm a sentencing court's decision not to award a reduction" pursuant to section 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

Although Rainey generally argues that the district court's reasons for denying him an acceptance of responsibility reduction are not clear from the record,[1] the district court expressly stated at sentencing that it based its finding on Rainey's denial to the probation officer that Browder and Miles were employed by him to distribute heroin. As previously stated, Rainey told the probation officer in an interview that he was aware Miles and Browder used and sold heroin, but he denied that they worked for him.

---

[1] Specifically, he argues that: (1) the reasons for the district court's denial of credit for acceptance of responsibility are unclear; (2) any inaccurate or false information he provided "does not comport with the balance of information given by [him];" (3) "simple semantics" explain his answer to the probation officer's question regarding Browder and Miles; (4) he and the probation officer may have been referencing different time frames; (5) the PSR failed to clearly specify what Miles and Browder did for Rainey; and (6) the PSR failed to sufficiently set forth the details of the information Rainey provided as to Miles and Browder.

The PSR, however, provided significant evidence supporting the conclusion that Browder and Miles, among others, had sold heroin for Rainey; indeed, Browder herself acknowledged in a post-arrest statement that "she distributed . . . heroin for [one and a half years] on behalf of Rainey. . . . to four to five regular customers each week." Moreover, an indicted co-conspirator told the probation officer that Rainey employed Metzler, Davis, Browder, and Miles as heroin distributors. The record thus provided a foundation for the district court to conclude that Rainey falsely denied conduct relevant to his criminal activities.

"[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." § 3E1.1, comment., app. n.1(A). In this case, the district court—after considering the PSR, Rainey's objections, and the PSR addendum—was not convinced that Rainey had accepted responsibility for purposes of section 3E1.1. Despite his protestations to the contrary, Rainey has not met his burden of showing that the district court's denial of a reduction for acceptance of responsibility was entirely "without foundation." *See Juarez-Duarte*, 513 F.3d at 211.

## IV.

For the reasons stated above, the judgment of the district court is

AFFIRMED.

6